IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re                                              :          Chapter 11
                                                   :
LOVE RENOVATIONS & DESIGN, LLC   :          Bankruptcy No. 22-12011(MDC)
                                                   :
                             Debtor.        :          Hearing Date: 11/30/22
                                                   :          Objection Date: 11/25/22
                                                   :
---------------------------------------------------------x

## CITY OF PHILADELPHIA'S OBJECTION TO DEBTOR, LOVE RENOVATIONS & DESIGN, LLC'S PLAN OF REORGANIZATION

AND NOW, comes the City of Philadelphia, (the "City"), a secured creditor in the above-captioned case, by and through its Counsel, Pamela Elchert Thurmond, Senior Attorney, pursuant to Bankruptcy Code Section 1129 to object to the Debtor, Love Renovations & Design, LLC's Plan of Reorganization (the "Plan").  The Debtor's entire plan is premised upon the sale of the Debtor's real property located at 1533 S. 4th Street, Philadelphia, PA ("Subject Property"). However, the Plan does not condition the occurrence of the Effective Date on the sale of the Subject Property or explain what will happen if the Subject Property does not sell at the anticipated price or if the sale of the Subject Property is delayed.

In support of its Objection, the City avers the following:

1.On August 1, 2022, the Debtor filed a voluntary petition for Chapter 11 bankruptcy with this Court.

2.The Debtor's sole asset listed on its Schedule A/B is the Subject Property, which the Debtor values at $599,000.

1

3. On August 15, 2022, the City filed a secured claim in the amount of $2,460.86 for unpaid real estate taxes and on August 18, 2022, the City filed another secured claim in the amount of $938.77 for unpaid water sewer debt.

4. On October 31, 2022, the Debtor filed its Plan of Reorganization.

5. The Debtor's entire plan is premised upon the sale of the Subject Property. However, the Plan does not condition the occurrence of the Effective Date on the sale of the Subject Property or explain how the Debtor will make plan payments if the Plan goes effective prior to the sale of the Subject Property. Nor does the Plan explain what will happen if the Subject Property does not sell or does not sell at the anticipated price.

6. In addition, the Plan does not provide any information about any pending offers and the current marketing of the Subject Property.

7. Moreover, the Plan is missing critical financial information, creditors need to evaluate the Plan. See Plan at ¶ 2.9 ("Debtor intends to provide additional projected financial information before the hearing on Confirmation.").

8. In addition, the Plan intends to pay the City $19,000 in unpaid real estate taxes, which overstates the amount of the City's secured tax claim, but which does not include post-petition interest on the tax claim[1] and excludes the City's water claim.

9. The Plan classifies the City's claims in Class 1 and is listed them as "unimpaired deemed to accept" but there is no payment deadline specified in the Plan. Because the Debtor's only cashflow is reliant on the sale of the Subject Property and it is unclear when payment will

---

[1] The City is entitled to post-petition interest on the tax claim. See 11 U.S.C. § 506(b); see also U.S. v. Ron Pair Enters., 489 U.S. 235 (1989); In re Nixon, 404 Fed. Appx. 575, 578 (3d Cir. 2010). The plan should not be confirmed as it fails to provide post-petition interest on the tax claim and thus does not ensure that the City receive deferred cash payments of at least the allowed amount of the tax claim. 11 U.S.C. §§ 506(b) and 1129 (b)(2)(i).

be made to the City on account of its tax and water claims, the City's claims should be considered impaired and given the right to vote.  See 11 U.S.C. § 1124 ("A class of claims or interests" is impaired for plan purposes unless the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest."); In re Haardt, 65 B.R. 697, 701 (Bankr. E.D. Pa. 1986)(finding a secured creditor to be impaired when payment is not made on the Effective Date but some unspecified future refinancing date).

   WHEREFORE, the City respectfully requests for the reasons stated above that this Court DENY confirmation of the Plan.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THE CITY OF PHILADELPHIA |
| Dated: November 25, 2022 | By:   /s/ Pamela Elchert Thurmond<br>PAMELA ELCHERT THURMOND<br>Senior Attorney<br>PA Attorney I.D. 202054<br>Attorney for the City of Philadelphia<br>City of Philadelphia Law Department<br>1401 JFK Blvd., 5th Floor<br>Philadelphia, PA  19102-1595<br>215-686-0508 (phone)<br>Email: Pamela.Thurmond@phila.gov |