**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| LOVE RENOVATIONS & DESIGN, LLC | : | |
| | : | NO.: 22-12011-MDC |
| Debtor. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION**

The *Debtor's Amended Plan of Reorganization* [D.I. 51] ("Plan") impairs holders of Class 2 ("Kiavi"), Class 3 ("Hebert") and Class 4 general unsecured claims ("GUCs"). As provided in the *Report of Plan Voting* (the "Voting Certification"), filed February 28, 2023 [D.I. 75], Class 1, which is not impaired, is deemed to have accepted the Plan and each of Classes 2, 3 and 4 has voted to accept the Plan. Further, no objections to the Plan were filed by on or before the deadline established by the Court. Because the requirements of Bankruptcy Code section 1129 are met, the Debtor seeks confirmation under Bankruptcy Code section 1191(a). Pursuant to section 1191(a), this Court shall confirm the Plan, provided all requirements of Bankruptcy Code section 1129(a) are met, other than section 1129(a)(15), which is not applicable in this Debtor's case. Further, the Plan does not discriminate unfairly and is fair and equitable to all classes, even though the Plan is consensual and such requirement is not applicable within the meaning provided in section 1191(c). These requirements are met as set forth below.

**JURISDICTION**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core

proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.

## BACKGROUND

**I.    CHAPTER 11 PROCEEDING.**

On August 1, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, Subchapter V of title 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as a Debtor and Debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

The Debtor, formed in 2019, is a limited liability company and is the owner of a residential building located at 1533 South 4th Street, Philadelphia, PA  19147 ("Real Property").  The Real Property is the sole significant asset of the Debtor and was purchased in 2019 and thereafter fully rehabilitated by the Debtor with the intention of selling the Real Property for a profit.  Prior to the Petition Date, the Debtor entered into an exclusive listing agreement with eXp Realty, LLC, a real estate agent, for the marketing and sale of the Real Property.  Following the Petition Date, the Debtor engaged, with Court approval, eXp Realty, LLC to continue its efforts to find a purchaser of the Real Property.  Pursuant to the terms of the listing agreement, eXp agreed to perform marketing services for the Debtor with respect to the Real Property, in return for a commission equal to five (5%) of the gross sale price of the Real Property.

Important events during the Debtor's bankruptcy case include:

- On August 15, 2022, the Debtor filed applications to retain Weir Greenblatt Pierce LLP as its bankruptcy counsel and eXp Realty, LLC as its broker for the sale of the Real Property [D.I. 15 and 16], which retentions were approved by orders entered by the Bankruptcy Court on September 6, 2022 [D.I. 31 and 32]. In addition to the professionals retained by the Debtor, on August 2, 2022, the U.S. Trustee appointed Leona Mogavero, Esquire to serve as the Debtor's

- Subchapter V Trustee.

- The Debtor has filed monthly operating reports for August through December, 2022 [D.I. 37 and 41, 47, 48, 58, and 59].

- The Debtor executed and delivered an Agreement of Sale for the Real Property, subject to Bankruptcy Court approval, on December 7, 2022, and, upon confirmation of the Plan, will close the sale by March 15, 2023.

- As required by Bankruptcy Code Section 1189(b), the Debtor timely filed its initial plan on October 31, 2022 and its amended Plan on December 22, 2022 (the "Plan"). See D.I. 51.

- On January 19, 2023, the Court entered its Solicitation Procedures Order (the "Procedures Order"). [D.I. 66].

- On February 28, 2023, the Debtor filed its Report of Plan Voting. [D.I. 75].

**ARGUMENT**

**II.     THE APPLICABLE REQUIREMENTS OF SECTION 1129(a) ARE SATISFIED.**

To obtain confirmation of the Plan, the Debtors must demonstrate by a preponderance of the evidence that the Plan satisfies section 1129 of the Bankruptcy Code.

For the reasons set forth below, the Plan satisfies each of the applicable requirements of section 1129 of the Bankruptcy Code and should be confirmed pursuant to Bankruptcy Code section 1191(a).

**A.     Section 1129(a)(1): The Plan Complies with the Applicable Provisions of the Bankruptcy Code**

1.     <u>The Plan Complies with Section 1122</u>

The Plan designates four classes of claims and one of interests. Separate classification of claims and interests is based on differences in their relative priority under the Bankruptcy

Code, and each claim or interest in a given class is substantially similar to the others in such class.

    2.    <u>The Plan Complies with Section 1123(a)</u>

    (i)    Section 1123(a)(1): Designation of Classes of Claims and Interests Other than Administrative Expense and Priority Tax Claims. Administrative expense and priority tax claims have not been classified. Rather, their treatment is provided for under the Plan. As noted above, the Plan designates five classes of claims or interests.

    (ii)    Section 1123(a)(2): Specification of Unimpaired Classes. The Plan in class 1 provides for the City of Philadelphia as an unimpaired class, which is to be paid in full upon the sale of the Real Property.

    (iii)    Section 1123(a)(3): Specification of Treatment of Impaired Classes. The Plan specifies the treatment of Class 2, 3 and 4 and the interests.

    (iv)    Section 1123(a)(4): Equal Treatment Within Classes. The Plan provides the same treatment for each claim or interest of a particular class.

    (v)    Section 1123(a)(5): Adequate Means for Implementation of the Plan. The Plan provides adequate means for its implementation, including (i) Section 2.5 which provides for the sale of the Real Property and procedures for distributions to Holders of Claims to be made under the Plan following the sale of the Real Property; (ii) continued corporate operations to proceed to closing on the sale of the Real Property and distribution of proceeds; (iii) exemption from certain taxes and fees pursuant to § 1146(a); and (iii) vesting of assets and property in the Reorganized Debtor. See Plan Article 2, section 2.5.

    (vi)    Section 1123(a)(6): Prohibition of Nonvoting Equity Securities. The provision of section 1123(a)(6) prohibiting the issuance of nonvoting equity securities is satisfied. The

Plan does not provide for the issuance of nonvoting equity securities.

  (vii)  Section 1123(a)(7): Provisions Regarding Directors and Officers. The Plan does not modify the manner in which the Debtor's directors or officers are selected or treated. As disclosed in the Plan and the Plan Supplement, the Reorganized Debtor's management shall be through Margaret Love, the individual already serving in such role. The Plan is, therefore, consistent with the interests of creditors and interest holders and with public policy with respect to the manner of selection of the Debtor's officers and director.

  3.  <u>The Plan Complies with Section 1123(b)</u>

  (i)  Section 1123(b)(1): Impairment of Claims and Equity Interests. The Plan impairs or leaves unimpaired the classes of claims and of interests.

  (ii)  Section 1123(b)(2): Executory Contracts and Unexpired Leases. Article II of the Plan contains provisions governing the assumption or rejection of executory contracts and unexpired leases. The Plan provides that all executory contracts and unexpired leases of the Debtor which have not been assumed, assigned, or rejected prior to the Effective Date, shall be deemed rejected as of the Effective Date.

  (iii)  Section 1123(b)(3): Settlement or Adjustment of Claims Belonging to the Estate; Preservation of Causes of Action. The Plan provides for the retention by the Debtor of Avoidance Actions, if any. See Summary of the Plan and Distributions to Creditors. Similarly, the Plan's exculpation and injunction provisions are appropriately tailored to this case and consistent with applicable law. The exculpation provision applies only to estate fiduciaries and the injunction is crafted to support and effectuate the Plan's exculpation and other provisions after the Effective Date. No party has objected to these provisions.

    **B.    Section 1129(a)(2): The Debtor Has Complied with the Applicable Provisions of the Bankruptcy Code**

The Debtor solicited and tabulated votes on the Plan in good faith.

    **C.    Section 1129(a)(3): The Plan Has Been Proposed in Good Faith**

The Plan has been proposed in good faith, to achieve relief permitted by the Bankruptcy Code; namely, the sale of the Real Property, the treatment of claims and interests, and rejection or assumption of unexpired leases and contracts. As noted in the *Declaration of Margaret Love in Support of Confirmation of the Debtor's Amended Plan of Reorganization* ("Love Declaration"), the Debtor and its engaged real estate professionals undertook extensive arm's length negotiations in good faith to sell the Real Property with the goal of maximizing recoveries to creditors. See Love Declaration, ¶¶ 5, 6. Through such negotiations and despite the Debtor having no disposable income for the foreseeable future, the Debtor was able to obtain the Agreement of Sale for the Real Property and the consent of the two secured creditors holding an interest in the Real Property to discounts to allow for a distribution to all parties in interest, including to holders of administrative expense claims.

    **D.    Section 1129(a)(4): Court Review of Professional Fees Payable under the Plan**

The Plan does not provide for the payment of professional fees or expenses, except as allowed under Bankruptcy Code section 330.

    **E.    Section 1129(a)(5): Identity and Compensation of Directors and Officers**

The Plan identifies the Debtor's post-effective date manager, Margaret Love. See Plan, Section 2.7.

  **F. Section 1129(a)(6): Governmental Regulatory Commission Approval of Rate Changes Provided for in the Plan**

This provision is inapplicable.

  **G. Section 1129(a)(7): Best Interests Test**

In accordance with section 1190(1)(B), the Plan includes a liquidation analysis showing that the best interests test has been satisfied inasmuch as in a liquidation, the unsecured creditors would not receive any substantial recovery. Through the Plan, Allowed Administrative Expense Claims will be paid in full, and Allowed General Unsecured Claim Holders may receive a distribution on account of their claims in an amount that may approach 30%. The liquidation analysis was prepared based on a hypothetical sale of the Real Property at $500,000 and the actual sale is for $510,000, so the rationale for the liquidation values contained therein remains accurate and may afford an increased distribution to holders of allowed unsecured claims. In any event, creditors fare better under the Plan than they would in a liquidation scenario.

  **H. Section 1129(a)(9): Proper Treatment of Priority Claims**

The Plan treats administrative expense, priority tax, and priority non-tax claims in the manner required by Bankruptcy Code section 1129(a)(9).

  **I. Section 1129(a)(10): Impaired Accepting Class**

At least one class of claims that is impaired under the Plan has accepted the Plan without counting the votes of insiders. Class 2, 3 and 4 have each voted to accept the Plan. See Voting Certification (D.I. 74). Accordingly, the Plan satisfies Bankruptcy Code section 1129(a)(10).

  **J. Section 1129(a)(11): Feasibility**

Section 1129(a)(11) of the Bankruptcy Code provides that a chapter 11 plan may be

confirmed only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." Section 1129(a)(11) does not require the Debtor to guarantee the Plan's complete success. Instead, and to satisfy the feasibility requirement, the Debtor must show that the Plan has a reasonable chance of success.

The Debtor believes that the Plan meets the feasibility requirement set forth in section 1129(a)(11) of the Bankruptcy Code, as confirmation is not likely to be followed by liquidation or the need for further financial reorganization of the Reorganized Debtor. The Debtor has obtained the Agreement of Sale and intends to sell the Real Property on or before March 15, 2023. Upon the sale of the Real Property, the Debtor will pay the holders of claims in Classes 1, 2 and 3 from the proceeds of such sale and will pay administrative expenses upon allowance by order of the Court. Holders of GUC claims will receive payment, if any, on a pro rata basis. All payments required to Holders of Allowed Claims under this Plan will be funded by Cash on Hand from the settlement proceeds of the sale of the Real Property.

The Plan has more than a reasonable assurance of success. The Plan provides for distributions to Holders of Allowed Claims by the Debtor. The ability to make the distributions described in the Plan does not depend on future earnings or operations of the Debtor, just the sale of the Real Property on or before March 15, 2023.

### K. Section 1129(a)(12)-(16)

These provisions are inapplicable.

## CONCLUSION

All confirmation requirements having been satisfied and the Court should enter an order confirming the Plan.

                                                    WEIR GREENBLATT PIERCE LLP

                                        By: /s/ *Jeffrey S. Cianciulli*
                                              Jeffrey S. Cianciulli, Esq.
                                              1339 Chestnut Street, Suite 500
                                              Philadelphia, PA  19107
                                              (215) 665-8181
                                              jcianciulli@wgpllp.com
                                              *Counsel to Debtor*

Dated:  February 28, 2023